Mr. Justice Thacher
delivered the opinion of the court.
This was a writ of error to the decree of the inferior court of chancery.
A judgment at law had been obtained against Merrit Dillard, one of the defendant’s in error, and the execution thereon was levied upon a slave, his property. The friends of Dillard’s wife, who is another defendant in error, being desirous to relieve her necessitous circumstances, and prevent the sale to a stranger, of the slave, which was a family servant, contributed a sufficient amount, and caused the slave to be purchased at the sale, and given to her by deed. Other judgments were subsequently obtained against M. Dillard, which as the bill charges, appear to have been transferred to Wright. An execution on one of these judgments was levied upon the above-mentioned slave, which was purchased at the sale by Jones, as charged, in collusion with Wright, for Wright himself, to whom Jones delivered him on the day of the sale. The bill prays for a delivery of the slave to Dillard’s wife, that her title to the prop *643 erty be quieted, and that the judgment be declared void as far as the rights of Dillard’s wife to the property are concerned, and that her title be not again molested by further proceedings under the judgment; it also prays that Wright account for hire, &c. A demurrer was filed to this bill for multifariousness, which was disallowed by the Yice Chancellor, and leave given to answer. Wright answered to the bill, which waived his joining in the demurrer.
Multifariousness in a bill, is defined by Story, (Eq. Pl. 224,) to be the improperly joining in one bill distinct matters, and thereby confounding them, as for example, the demand of several matters of distinct natures against several defendants in the same bill. A demurrer for multifariousness will hold only where the plaintiff claims several matters of different natures, but when one general right is claimed by the bill, though the defendants have separate and distinct rights, a demurrer will not hold. Mitf. Ch. Pl. 182. The result extracted from the cases on the subject is stated by Story (Eq. Pl. 409,) to be, that where there is a common interest in the plaintiffs, and a common liability in the defendants, different claims may be united in the same bill. But what is more familiarly understood by multifariousness, as applied to a bill, is where a party is brought as a defendant upon a record, with a large portion of which, and of the case made by which, he has no connection whatsoever. Story Eq. Pl. 407.
The objects of this bill are the recovery of the slave by Dillard ’s wife, and the quieting of the- title in her, and the hire of the slave while in the possession of Wright. The question is now between the purchaser at sheriff’s sale, and a claimant of the slave. The title of M. Dillard, if any he had, has already been sold, and unless he becomes possessed of it, under a new consideration, it cannot be again sold under the same judgment. The plaintiffs in that judgment have neither legally or equitably any interest in the subject-matter and result of the suit. The purchaser of the slave at sheriff’s sale derived his title not from those plaintiffs, but he purchased the title of M. Dillard, whatever it might be, with notice of the claim of Dillard’s wife. *644 There is nothing set forth in the bill that seems to connect the plaintiffs in the judgment, with the object of the suit, and no necessity apparent to enjoin the judgments as far as this property is concerned. It follows, then, that the plaintiffs in the judgment have no connexion whatsoever with the case made by the complainants below, and they had a right to demur, to avoid a useless expense.
The decree of the Vice Chancellor is reversed, the demurrer allowed as to Ethel S. Morris, and the cause remanded for further proceedings.